IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Karen Dieter, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Kapala |
| | ) | |
| v. | ) | Case No. 07-06467 |
| | ) | |
| Honeywell International Inc. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER and AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Now comes Defendant Honeywell International Inc., by and through its undersigned attorneys, stating as follows:

**PARTIES, JURISDICTION & VENUE**

1) This Court has jurisdiction over this matter as Plaintiff has brought a public policy retaliation claim against the Defendant. Plaintiff alleges that Defendant terminated her as a direct and proximate result of her suffering a work related injury and filing a Workman's Compensation Claim against the Defendant.

**ANSWER:**

**Defendant admits that this Court has jurisdiction based on the grounds set forth in Defendant's Notice of Removal. Specifically, this Court has jurisdiction pursuant to 28 U.S.C. §1332. Defendant admits that Plaintiff's Complaint alleges that Defendant terminated her "as a direct and proximate result of her suffering a work**

**related injury and filing a Workman's [sic] Compensation Claim against Defendant" but denies that those allegations have any merit.**

2)　　　Venue is proper because the claims arose in the County of Stephenson.

**ANSWER:**

**Defendant admits that venue is proper in the U.S. District Court for the Northern District of Illinois, Western Division, for the reason stated. Defendant denies that Plaintiff's claims have any merit.**

3)　　　The Plaintiff, Karen Dieter, is a resident of the City of Cuba City, County of Grant, State of Wisconsin.

**ANSWER:**

**Admitted.**

4)　　　The Defendant, Honeywell International Inc. is an International Corporation with it is [sic] headquarters located in Morristown, New Jersey with a satellite that conducts business and is located in the City of Freeport, County of Stephenson, State of Illinois.

**ANSWER:**

**Admitted.**

5)　　　Plaintiff, Karen Dieter, was employed by Defendant, the [sic] Honeywell, Inc., beginning on or about September of 1984 through April 4, of 2006 when the Plaintiff was terminated, the Plaintiff worked as a Team Assembler for Honeywell, Inc.

**ANSWER:**

**Admitted.**

6) The Defendant manufactured heavy duty equipment for machinery such as heavy duty switches.

**ANSWER:**

**Admitted.**

**Count I:  Claim for Retaliatory Discharge for Filing of Worker's Compensation**

7) Plaintiff, Karen Dieter, restates and realleges paragraphs 1 through 6 of the Introduction of the Complaint as paragraphs 1 through 6 of Count I of the Complaint.

**ANSWER:**

**Defendant restates and reasserts its responses to paragraphs 1 through 6 of the Introduction as if fully set forth herein.**

8) Plaintiff, Karen Dieter, began her employment under the Defendant, Honeywell International Inc., on or about September of 1984 and continuously worked their [sic] up until she was terminated on March 31, 2006.

**ANSWER:**

**Defendant admits that Plaintiff began her employment with Defendant on or about September of 1984.  Defendant denies the remaining allegations of ¶8.**

9) The Plaintiff, Karen Dieter, on July 27, 2004 injured her shoulder and had damage to her rotator cuff while working for the Defendant.

**ANSWER:**

**Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶9 and therefore denies same.**

10) The Plaintiff informed her employer, the Defendant of this injury various times and on September 6, 2005 the Plaintiff, Karen Dieter, formally filed a claim for worker's compensation to the Defendant, Honeywell International, Inc., her employer at the time.

**ANSWER:**

**Defendant admits that Plaintiff filed a claim for worker's compensation in September of 2005, and that she told Defendant that she had suffered an alleged injury at work prior to her filing of a worker's compensation claim. Defendant also admits that it was Plaintiff's employer at the time she filed her worker's compensation claim. Defendant denies the remaining allegations of ¶10.**

11) Immediately thereafter, on September 7, 2005 the Defendant, through their agents Jean Bartsch, production supervisor, and Cynthia Ernst, Operations Supervisor, began to inform the Plaintiff of alleged deficiencies in her work.

**ANSWER:**

**Defendant admits that production supervisor Jean Bartsch and operations supervisor Cynthia Ernst informed Plaintiff of performance deficiencies at various points in time, but denies this began "immediately after" the filing of Plaintiff's worker's compensation claim. Defendant denies the remaining allegations of ¶11.**

12   On September 8, 2005 the Defendant through their agent, Cynthia Ernst, told the Plaintiff that she should maybe work for someone else.

**ANSWER:**

4

**Denied.**

13) On February 6, 2006 the Defendant through their agent, Kori Williams, suspended the Plaintiff for alleged threatening comments that she made about the treatment that she was receiving at work and for allegedly abusing prescription drugs.

**ANSWER:**

**The Defendant admits that Plaintiff was suspended in February of 2006 for making threatening comments and for abuse of prescription medication. The Defendant further admits that Kori Williams informed Plaintiff of this suspension. The Defendant denies the remaining allegations of ¶13.**

14) At no time did Plaintiff make any threatening comments nor did she ever abuse her prescribed medicine.

**ANSWER:**

**Denied.**

15) In addition, as retaliation the Defendant placed the Plaintiff on a zero tolerance policy for any behavior that appears to be threatening and or insubordinate.

**ANSWER:**

**Denied.**

16) On April 4, 2006 Karen Dieter was discharged in retaliation from her employment with the Defendant, Honeywell International Inc., for violating the zero tolerance policy which stemmed directly from the retaliation due to the Plaintiff filing a worker's compensation claim.

**ANSWER:**

**Denied.**

17) The Defendant's actions have a causal connection to the Plaintiff filing a worker's compensation claim, the Defendant has unlawfully retaliated against the Plaintiff because such a discharge violates public policy

**ANSWER:**

**Denied.**

18) As a direct and proximate result of Defendant's illegal termination, Plaintiff has suffered damages, including loss of wages and benefits, suffered mental embarrassment and humiliation. Said damages continue to accrue.

**ANSWER:**

**Denied.**

19) The Defendant acted with either actual malice or reckless disregard to Illinois public policy when the Defendant retaliated against the Plaintiff for filing a workers compensation claim warranting punitive damages.

**ANSWER:**

**Denied.**

### Defendant Honeywell International, Inc.'s Affirmative Defenses

**1. Plaintiff has failed to mitigate, or has mitigated damages.**

**2. Plaintiff was terminated for a legitimate, non-retaliatory reason.**

**3. Plaintiff's damages, if any, are limited to those available on a retaliatory**

**discharge claim under Illinois law.**

        Respectfully Submitted

        HONEYWELL INTERNATIONAL INC.


        By: s/ Michael D. Ray
        One of Its Attorneys



Michael H. Cramer (ARDC No.  6199313)
Michael D. Ray (ARDC No. 6285109)
Attorneys for Defendant
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
20 S. Clark Street, Suite 2500
Chicago, IL 60603
Phone: (312) 558-1220
Fax: (312) 807-3619
Date: December 3, 2007

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on December 3, 2007, he electronically filed the foregoing Answer. Notice of this filing will be sent via the Court's electronic filing system to:

>Rene Hernandez, Esq.
>Law Offices of Rene Hernandez, P.C.
>Rockford, IL 61104
>renesone@aol.com

<u>Michael D. Ray</u>

5323011.1